# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:16-CV-00650 (VEB)

BILL HERNANDEZ,

              Plaintiff,

vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

              Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In November of 2010, Plaintiff Bill Hernandez applied for Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 33, 34). On August 16, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 32).

## II. BACKGROUND

Plaintiff applied for benefits on November 3, 2010, alleging disability beginning February 8, 2010. (T at 116-22, 708-13).[2] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On December 5, 2011, a hearing was held before ALJ Helen E. Hesse. (T at 38). Plaintiff appeared with an attorney and testified. (T at 41-48, 54-57). The ALJ also received testimony from Alan L. Ey, a vocational expert (T at 57-59), and Dr. Samuel Landau, a medical expert (T at 49-54).

On January 12, 2012, the ALJ issued a written decision denying the applications for benefits. (T at 16-31). The ALJ's decision became the Commissioner's final decision on March 21, 2013, when the Appeals Council

---

[2] Citations to ("T") refer to the administrative record at Docket No. 16.

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB

denied Plaintiff's request for review. (T at 1-6). Plaintiff filed an action seeking judicial review. In a Decision and Order dated March 20, 2014, the Honorable Stephen J. Hillman, United States Magistrate Judge, remanded the matter for further proceedings. (T at 619-23). In sum, Judge Hillman concluded that the ALJ erred by discounting a December 2010 medical opinion because it was unclear who authored the opinion. Judge Hillman directed that further inquiry be made as to the authorship of the opinion and further explanation be provided regarding what weight, if any, should be afforded the opinion. (T at 622-23). In addition, Judge Hillman concluded that the ALJ should have given more careful consideration to an August 2011 opinion provided by a treating physician's assistant. (T at 623).[3]

A second administrative hearing was held before ALJ Hesse on March 25, 2015. (T at 564). Plaintiff appeared with an attorney and testified. (T at 567-75, 577-78, 580-84). The ALJ also received testimony from Susan Allison, a vocational expert (T at 575-77, 584-88), and Dr. Joseph Malancharuvil, a medical expert. (T at 578-80).

---

[3] The ALJ complied with Judge Hillman's directive on remand. The ALJ discovered that the 2010 opinion appeared to have been authored by Dr. Rebecca Tomilson. As explained further in this decision below, the ALJ gave careful consideration to Dr. Tomilson's opinion. The ALJ also discussed, in detail, the August 2011 physician assistant option. (T at 532-33).

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB

The ALJ issued a decision on May 14, 2015, denying the applications for benefits. (T at 520-540). The ALJ's second decision became the Commissioner's final decision on December 10, 2015, when the Appeals Council denied review. (T at 504-509).

On January 29, 2016, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on June 28, 2016. (Docket No. 15). The parties filed a Joint Stipulation on June 26, 2017. (Docket No. 29).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be affirmed, and this case must be dismissed.

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB

claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or

equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB

**B. Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C. Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 8, 2010 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2014 (the date last insured). (T at 526). The ALJ found that Plaintiff's dilated cardiomyopathy with compensated congestive heart failure,[4] defibrillator, obesity, hypertension, type II

---

[4]An abnormal cardiac condition in which heart failure is compensated for by such mechanisms as increased sympatheti cstimulation of the heart, fluid retention with increased venous return, increased enddiastolic ventricular volume and fi berlength, and ventricular hypertrophy. Progressive decline in cardiac function may be minimized by the administratio n ofbetablockers, digitalis glycosides, and angiotensinconverting enzyme inhibitors, to improve myocardial function a

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB

diabetes mellitus, chronic/stage 3 kidney disease,[5] major depressive disorder, and psychological reaction to physical condition were "severe" impairments under the Act. (Tr. 526).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 528).

The ALJ determined that Plaintiff from the alleged onset date through 2012, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), with the following limitations: sit for a full 8-hour workday; stand/walk for 2 hours in an 8-hour workday with normal breaks, with permission to change position for 1 to 3 minutes every half hour; occasionally climb stairs, bend, stoop, kneel, crouch, and crawl; cannot climb ladders, ropes, or scaffolds; cannot balance; cannot work around unprotected heights or around dangerous, fast-moving machinery; and requires an air conditioned workplace. (T at 529).

---

nddiuretics to relieve pulmonary and peripheral congestion. https://medical-dictionary.thefreedictionary.com/compensated+heart+failure

[5] Moderate to severe loss of kidney function.

The ALJ further found that, after 2012, Plaintiff had the following additional limitations: could not perform more than moderately complex tasks; could not perform tasks requiring hypervigilance, safety operations of others, and no work involving high production, quotas, or rapid assembly line. (T at 529).

The ALJ concluded that Plaintiff could not perform his past relevant work as a security guard, supervisor of security guards, hardware salesperson, stock clerk, heavy truck driver, hand packager, and embroidery machine operator. (T at 533).

However, considering Plaintiff's age (41 on the alleged onset date), education (at least high school), work experience (including acquired work skills from prior jobs), and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 534-35).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from February 8, 2010 (the alleged onset date) through May 14, 2015 (the date of the ALJ's decision). (T at 535).

**D.    Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 29), Plaintiff offers two (2) arguments in support of his claim that the Commissioner's decision should be reversed.  First, he contends that the ALJ did not properly weigh the medical

opinion evidence. Second, Plaintiff challenges the ALJ's credibility determination. This Court will address both arguments in turn.

# IV. ANALYSIS

## A. Medical Opinion Evidence

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs*., 44 F.3d 1453, 1463-64 (9th Cir. 1995).

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

In this case, Dr. Rebecca Tomlinson completed an assessment in December of 2010, wherein she opined that Plaintiff was precluded from lifting, exertion, bending/squatting, carrying, travel, and prolonged standing. (T at 280). The ALJ gave Dr. Tomlinson's assessment little weight, finding that she was not "a treating source whose opinion could be entitled to controlling weight." (T at 532). In addition, the ALJ found that Dr. Tomilson's assessment of Plaintiff's limitations was "clearly excessive in light of the record as a whole." (T at 532).

This Court finds the ALJ's consideration of this medical opinion consistent with applicable law and supported by substantial evidence.

Although Dr. Tomlinson treated Plaintiff on a few occasions after December 2010, when she rendered the opinion in question, the physician did not have an established treating relationship and, thus, had not developed a "longitudinal

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB

picture" of Plaintiff. The ALJ thus acted within her discretion in concluding that Dr. Tomlinson's opinion was not entitled to deference as a "treating physician" opinion.

In sum, a treating physician's opinion is generally afforded enhanced weight because the physician has had the opportunity to observe and assess the claimant over an extended period of time, thus developing a "longitudinal picture" of the claimant's credibility, symptomology, and progression. Here, the opinion in question was rendered following Dr. Tomlinson's first visit with Plaintiff. As such, while it is a medical opinion entitled to weight, it is not based on a *bona fide* treating *relationship* with Plaintiff (because no such relationship had yet been developed) and is therefore not entitled to presumptively controlling weight. *See Holohan v. Massanari,* 246 F.3d 1195, 1202 n.2 (9th Cir. 2001) ("Under certain circumstances, a treating physician's opinion on some matter may be entitled to little if any weight. This might be the case, for instance, if the treating physician has not seen the patient long enough to 'have obtained a longitudinal picture' of the patient's impairments…."); *see also Cotter v. Colvin*, 2017 U.S. Dist. LEXIS 150474, at *29 (E.D.W.A. Sep. 15, 2017)(treating physician opinion not entitled to controlling weight because it was dated same day as initial visit); *Jones v. Berryhill*, 2017 U.S. Dist. LEXIS 82304, at *8 (C.D. Cal. May 30, 2017)("Given that these doctors each saw Plaintiff only twice, the ALJ could reasonably conclude that they did not treat

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB

Plaintiff long enough to obtain a longitudinal picture of her condition."); Acord v. Colvin, 571 F. App'x 522, 522 (9th Cir. 2014) (substantial evidence supported ALJ's decision to discount treating physician who had "reached his conclusion after one visit").

The ALJ reasonably relied on the assessment of Dr. Samuel Landau, who reviewed the record through August 2011, testified at the first administrative hearing, and was subject to cross-examination by Plaintiff's counsel. (T at 531). Dr. Landau opined that Plaintiff retained the ability to perform exertional activities consistent with the ALJ's RFC assessment. (T at 49-54). "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9ᵗʰ Cir. 2002). Indeed, "an ALJ may give greater weight to the opinion of a non-examining expert who testifies at a hearing subject to cross-examination." *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995) (citing *Torres v. Secretary of H.H.S.*, 870 F.2d 742, 744 (1st Cir. 1989)); *see also Moody v. Astrue*, No CV-10-161, 2011 U.S. Dist. LEXIS 125165, at *22-23 (E.D. Wash. Oct. 28, 2011)

Treatment records, including records from Dr. Tomlinson, provide further support for the ALJ's decision to give less weight to Dr. Tomlison's highly

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB

restrictive, initial assessment. Although Plaintiff's cardiac issues were certainly documented, treatment notes were largely unremarkable, with Plaintiff described as being "stable," "improving," and "doing well." (T at 492-503, 849-902). It was reported that Plaintiff could walk half a mile. (T at 526, 851). Plaintiff denied shortness of breath, palpitation, and chest pain. (T at 217, 219-220, 851, 860). Dr. Tomlinson noted "diabetes mellitus without mention of complication" and "[b]enign essential hypertension," with generally unremarkable physical examinations. (T at 478-79, 481-82).

The ALJ also gave some weight to the assessments of two State Agency review physicians, Dr. Stephen Whaley and Dr. F. Wilson, who assessed exertional limitations generally consistent with several aspects of the ALJ's RFC determination. For example, both physicians opined that Plaintiff could stand/walk for 2 hours and sit for 6 hours in an 8-hour workday. Dr. Wilson concluded that Plaintiff could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; but should never climb ladders, ropes, or scaffolds. (T at 531). State Agency review physicians are highly qualified experts and their opinions, if supported by other record evidence, may constitute substantial evidence sufficient to support a decision to discount a treating physician's opinion. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also* 20 CFR § 404.1527 (f)(2)(i)("State agency

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB

medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Lastly, the ALJ noted that Plaintiff engaged in a variety of daily activities, including exercise and fishing, which were inconsistent with the severe limitations assessed by Dr. Tomlinson.[6] (T at 532). *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600-02 (9th Cir. 1999) (finding inconsistency between treating physician's opinion and claimant's daily activities a specific and legitimate reason to discount treating physician's opinion).

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of Dr. Tomlinson's very restrictive opinion. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative

---

[6] The ALJ noted that Plaintiff takes a morning and evening walk, for a total of about one mile per day. He performs grocery shopping weekly and goes to parks and malls regularly. He uses a computer and prepares his own meals. (T at 530).

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB

findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

Although treating providers' opinions are entitled to deference, there was a sound basis for the ALJ to conclude that Dr. Tomlinson's opinion was not entitled to deference as a "treating physician opinion." Moreover, even if the opinion was given that deference, the ALJ provided a detailed and thorough summary of the record, reasonably resolved conflicting medical opinions, and interpreted the evidence in a manner that a "reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (1971). This is sufficient to survive scrutiny under the standard applicable here.

**B.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB

findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff stated that he needed reminders to attend to personal needs and grooming. (T at 152-53). He cannot walk without fatigue and shortness of breath. (T at 152). He can attend to basic chores, but it takes an extended time. (T at 153). He is becoming more socially isolated. (T at 155-56). His ability to lift, stand, walk, and reach are all limited. (T at 156).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 530).

This Court finds the ALJ's credibility determination supported by substantial evidence and consistent with applicable law. The ALJ found that Plaintiff's

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB

subjective complaints were somewhat credible and determined that he was precluded from his past relevant work. However, the ALJ concluded that Plaintiff could perform a limited range of light work. (T at 529-534).

The ALJ reasonably concluded that Plaintiff's claims were not fully consistent with the objective medical evidence. Treatment notes were largely unremarkable, with Plaintiff described as being "stable," "improving," and "doing well." (T at 492-503, 849-902). Dr. Landau, a medical expert, opined that Plaintiff retained the ability to perform exertional activities consistent with the ALJ's RFC assessment. (T at 49-54). Dr. Landau also noted that Plaintiff's illness was at "stage 2C" under the New York Heart Association Functional Classification, which correspondence with "Slight limitation of physical activity." (T at 526, 554-55). In an April 2011 treatment note, it was reported that Plaintiff had had not shocks since receiving a cardioverter-defibrillator in October of 2010, and reported having no further symptoms. (T at 526, 851). Plaintiff frequently denied shortness of breath, palpitation, and chest pain. (T at 217, 219-220, 851, 860). In June of 2011, Dr. Contreras, the treating physician's assistant, reported that Plaintiff's heart disease was "@ goal" and "stable" on medication. (T at 476-77, 527).

An ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB

1   1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir.

2   2002).

3       The ALJ also noted that Plaintiff engaged in activities, such as household

4   chores, exercising, and fishing, that were inconsistent with his claims of debilitating

5   impairment.   When assessing a claimant's credibility, the ALJ may employ

6   "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613

7   F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284

8   (9th Cir. 1996)). Activities of daily living are a relevant consideration in assessing a

9   claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

10  Although the claimant does not need to "vegetate in a dark room" to be considered

11  disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount

12  a claimant's testimony to the extent his or her activities of daily living "contradict

13  claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-

14  13 (9th Cir. 2011).

15      Where, as here, substantial evidence supports the ALJ's credibility

16  determination, this Court may not overrule the Commissioner's interpretation even if

17  "the evidence is susceptible to more than one rational interpretation." *Magallanes*,

18  881 F.2d 747, 750 (9th Cir. 1989); *see also Morgan v. Commissioner*, 169 F.3d 595,

19

20

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB

599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].")

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB

# V.    CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB

# VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 12th day of February, 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – HERNANDEZ v BERRYHILL 2:16-CV-650-VEB